IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Criminal Action No.: 5:07-CR-10

THEODORE JACOBS,

        Defendant.

**REPORT AND RECOMMENDATION THAT
MOTION FOR CREDIT FOR TIME SERVED BE DENIED
AND REMANDED FOR BUREAU OF PRISONS CONSIDERATION**

I. INTRODUCTION

A.    Background

Defendant was the only defendant indicted in this Court on February 6, 2007, in a three count indictment charging Defendant with offenses related to possession of firearms.[1] Defendant was arrested on February 12, 2007 and was released prior to trial.[2] Defendant executed a plea agreement on March 22, 2007, agreeing to plead guilty to Count 1, which charged Defendant with being a felon in possession of a firearm. Defendant pled guilty on April 2, 2007,[3] and was sentenced June 18, 2007, to 46 months imprisonment, two years supervised release, and a $100 special assessment fee.[4] Defendant filed this Motion for Credit for Time Served on October 26, 2009.

---

[1] Dkt. No. 1.

[2] Dkt. No. 6.

[3] Dkt. No. 18.

[4] Dkt. No. 29.

1

B.   The Motion

Motion for Credit for Time Served[5]

C.   Recommendation

I recommend that Defendant's Motion for Credit for Time Served be **DENIED** because the Bureau of Prisons must determine prisoner's location for imprisonment.  Therefore, I recommend this matter be **REMANDED** to the Bureau of Prisons for further review.

## II.  FACTS

Defendant was arrested in Hancock County, West Virginia, on September 25, 2002, and charged with Sexual Assault, Third Degree.  On October 9, 2003, Defendant pled guilty and was sentenced to one to five years in the West Virginia Penitentiary.  The sentence was suspended, and Defendant was placed on probation for four years.  As a condition of probation, Defendant was placed on electronic monitoring for 120 days.  Defendant's probation was to have been in effect from October 9, 2003, until October 9, 2007.

On February 6, 2007, Defendant was the only defendant indicted in a three count indictment charging Defendant in Count One of Felon in Possession of a Firearm, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in Count Two of Disposition of a Stolen Firearm, in violation of Title 18 U.S.C. §§ 922(j) and 924(a)(2), and Count Three of Possession of a Firearm with an Obliterated Serial Number, in violation of Title 18 U.S.C. §§ 922(k) and 924(a)(1)(B). Defendant was arrested and released on a personal recognizance bond with conditions of release on February 12, 2007.

As a result of the federal offense, Defendant became subject to revocation of probation

---

[5] Dkt. No. 36.

proceedings in Hancock County. On February 26, 2007, Defendant was placed in state custody pending a final hearing. On April 4, 2007, a Revocation of Probation hearing was held, and Defendant was sentenced to one to five years in the West Virginia Penitentiary. Thus, Defendant had been in state custody since February 26, 2007, and appeared in this Court via a writ of habeas corpus ad prosequendum.

### III. MOTION FOR CREDIT FOR TIME SERVED

A. Contention of the Defendant

Defendant contends that he was sentenced in federal court on June 18, 2007, while serving time in state court, which began February 26, 2007. Defendant requests that, because he received his federal sentence while serving his state sentence, he be given credit towards his federal sentence for the time from February 26, 2007, through December 27, 2007.

B. Discussion

Title 18 U.S.C. § 3621(b) states that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." Included within the Bureau's powers of designation is the ability to determine if the prisoner is to receive credit towards his federal sentence for time spent in state custody. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991) (see also Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005); Murdock v. Gutierrez, 631 F.Supp.2d 758 (N.D.W.Va. 2007) (instructing it is in the discretion of the Bureau of Prisons to determine location of imprisonment)). The Bureau, not the district court, makes this determination. The Bureau of Prisons program statement 5160.05 in § 9.4 provides a specific procedure for an inmate request for a nunc pro tunc order.

C. Recommendation

Because it is the Bureau of Prisons that must consider requests from federal prisoners requesting credit against a federal sentence for time served in state custody, I recommend the Motion for Credit for Time spent in West Virginia State Custody be **DENIED** and **REMANDED** for the Bureau's consideration.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the Report and Recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: January 22, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE