IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 5:07CR10
                                      (STAMP)
THEODORE JACOBS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE RECOMMENDING
THAT MOTION FOR CREDIT FOR TIME SERVED BE DENIED
AND REMANDED FOR BUREAU OF PRISONS CONSIDERATION**

I.  Procedural History

The pro se[1] defendant filed a motion for credit for time served in West Virginia state custody, to which the government did not respond. The motion was referred to United States Magistrate Judge James E. Seibert for a report and recommendation. Following review of the motion, Magistrate Judge Seibert entered a report and recommendation, recommending that the defendant's motion be denied and remanded for the Bureau of Prisons' ("BOP") consideration.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Facts

On October 9, 2003, the defendant pleaded guilty in West Virginia state court to sexual assault in the third degree and was sentenced to one to five years in the West Virginia Penitentiary. Nevertheless, the defendant's sentence was suspended, and he was placed on probation for a term of four years. The defendant's probation was to have been in effect from October 9, 2003 through October 9, 2007.

Thereafter, on February 6, 2007, the defendant was indicted in federal court in a three-count indictment for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); disposition of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). He was ultimately arrested and released on a personal recognizance bond on February 12, 2007.

Because of this subsequent federal offense, the defendant became subject to revocation of probation on his state offense. On February 26, 2007, the defendant was placed in state custody pending a final hearing. A probation revocation hearing was held on April 4, 2007, and the defendant was sentenced to one to five years in the West Virginia Penitentiary.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

In his motion, the defendant contends that he was serving time in state court, beginning on February 26, 2007, when he was sentenced in federal court. The defendant, therefore, requests that he be given credit towards his federal sentence for the time served in the West Virginia Penitentiary from February 26, 2007 through December 27, 2007.

This Court finds no clear error in the magistrate judge's report and recommendation that the defendant's motion be denied and remanded to the BOP for consideration. Pursuant to 18 U.S.C. § 3621(b), "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." Within its powers of designation, the BOP also has the ability to determine if the prisoner is to receive credit towards his federal sentence for time spent in state

3

custody.  Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991).  See also Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005).  This Court, therefore, has no authority to make such a determination.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the defendant's motion for credit for time served in West Virginia state custody is DENIED and REMANDED for the BOP's consideration.  The government is DIRECTED to send a copy of the defendant's motion to the BOP for its consideration.

Moreover, this Court finds that the defendant was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the defendant's failure to object to the magistrate judge's proposed findings and recommendation bars the defendant from appealing the judgment of this Court.  See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    March 9, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE